ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 943-0298
Facsimile:  (310) 234-4023

Attorneys for Plaintiff
JOCELYN K. PILLING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN K. PILLING, <br><br> Plaintiff, <br><br> vs. <br><br> NAVIENT SOLUTIONS, INC., A Delaware Corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No: 2:15-CV-01019 <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** <br><br> **(2) VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** <br><br> JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Jocelyn K. Pilling hereby complains against defendants Navient Solutions, Inc. ("Sallie Mae"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff took out a student loan held by defendant Navient Solutions, Inc., commonly known as "Sallie Mae." In 2004, plaintiff called Sallie Mae to get her payoff balance. Sallie Mae provided the payoff amount, and plaintiff promptly paid that amount, thus satisfying her loan in full. From 2004 through 2013, Sallie Mae reported to the major credit reporting agencies that plaintiff's loan had a zero balance and was paid off. Plaintiff received no bills from Sallie Mae during this time.

2. In 2013, Sallie Mae changed its credit reporting to reflect that plaintiff had a current delinquent balance on the student loan. Sallie Mae sent plaintiff collection letters requesting payment of the non-existent debt. Plaintiff communicated in a May, 2013 letter to Sallie Mae that she had paid off the loan nine years earlier, and that Sallie Mae was unfairly harming her credit with its reporting of a delinquency. Sallie Mae took no action to stop its derogatory and inaccurate credit reporting. Sallie Mae continued to report a current delinquent balance, and also that historically, plaintiff had been delinquent from 2013 to 2014.

3. In September, 2014, plaintiff sent formal requests for reinvestigation regarding the Sallie Mae account, to the major credit reporting agencies, Trans Union LLC, Equifax, and Experian. Plaintiff stated in her letters that no delinquency existed since she had paid off the account in 2004, and furthermore, that the account had been reported beyond the statutory maximum seven year reporting period.

4. Defendant Sallie Mae received notice of plaintiff's reinvestigation disputes, but failed to perform a reasonable investigation of the issues raised by plaintiff, and failed to review all the relevant information provided by the credit reporting agencies. Defendant Sallie Mae also failed to advise the credit reporting agencies to delete the account from plaintiff's credit reports, and continued reporting inaccurately that plaintiff had been delinquent from May, 2013 to February, 2014.

## JURISDICTION AND VENUE

5. The court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant is subject to the court's personal jurisdiction in this district.

## PARTIES

7. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

8. Defendant Navient Solutions, Inc. is a Delaware Corporation.

9. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

10. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against all Defendants for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)**.

11. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendants are "persons" as defined by 15 U.S.C. § 1681a(b).

13. Defendants violated 15 U.S.C. § 1681s-2(b) by, after receiving notice of plaintiff's disputes with regard to the completeness or accuracy of the information provided

by defendants, failing to perform the duties imposed by 15 U.S.C. § 1681s-2(b)(1), including but not limited to (1) failing to conduct a reasonable investigation with respect to the disputed information; (2) failing to review all relevant information provided by the consumer reporting agency; (3) failing to promptly modify, delete, or permanently block the disputed information, after determining it was incomplete or inaccurate.

14. Defendants' violations described above were willful.

15. Defendants' violations described above were negligent.

16. Plaintiff has suffered actual damages as a result of defendants' violations, and is entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

17. Plaintiff is entitled to actual damages or damages of between $100 and $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

18. Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

19. Plaintiff is entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

20. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21. Defendants violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when defendants knew or should know have known the information was incomplete or inaccurate.

22. Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to court costs, attorneys fees, and pain and suffering.

23. Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

24. Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 per violation, and any

other relief the court deems proper, pursuant to Civil Code § 1785.31.

25. Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief to put an end to said violations pursuant to Civil Code § 1785.31(b).

26. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory and/or civil penalties;
3. For punitive damages;
4. For injunctive relief;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  February 11, 2015　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　TRUEBLOOD LAW FIRM


By:　　　　　／s／
　　　Alexander B. Trueblood

Attorneys for Plaintiff
JOCELYN K. PILLING